# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| CS TECHNOLOGY, INC. and SITEHANDS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HORIZON RIVER TECHNOLOGIES, LLC, <br><br> Defendant. | Case No. 3:18-cv-00273-RJC-DSC |

## STIPULATION AND ORDER GOVERNING THE
## PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, the parties to the above-captioned action (the "Litigation") are engaged in discovery proceedings, which the parties expect will include, among other things, taking depositions and producing documents; and

WHEREAS, those discovery proceedings will necessarily involve the production of certain information that the parties to the Litigation (the "Parties," each a "Party") believe to be confidential and sensitive commercial, financial, or business information;

IT IS HEREBY STIPULATED AND AGREED, by the Parties through their undersigned counsel, subject to the approval of the Court, that this Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation") will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory

responses, responses to requests for admission, and responses to requests for the production of documents, and any other information or material produced, given or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Litigation. The Parties hereby stipulate and agree as follows:

1. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation if such Producing Party in good faith believes that such Discovery Material contains non-public, confidential, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation and Order ("Confidential Discovery Material"). Any Producing Party may designate any Discovery Material as "Highly Confidential" under the terms of this Stipulation if such Producing Party in good faith reasonably believes that disclosure of the Discovery Material other than as permitted pursuant to Paragraph 6 of this Stipulation and Order is substantially likely to cause injury to the Producing Party ("Highly Confidential Discovery Material").

2. The designation of Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material will be made in the following manner:

    A. In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" or "Highly Confidential" to each document containing any

2

Confidential Discovery Material or Highly Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential" to the media containing the Discovery Material.

    B. In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within ten business days of the deposition or other pre-trial testimony, provided that only those portions of the transcript designated as Confidential Discovery Material or Highly Confidential Discovery Material will be deemed Confidential Discovery Material or Highly Confidential Discovery Material. The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

    C. In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material.

  3. The designation of Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material will constitute a representation that such Discovery Material has been reviewed by an attorney representing the

Producing Party making the designation, and that there is a good faith basis for such designation.

4. Inadvertent failure to designate Discovery Material as Confidential Discovery Material will not constitute a waiver of such claim and may be corrected. A Producing Party may designate as Confidential any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential by: (i) notifying in writing the Party or Parties to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material; or (ii) in a manner consistent with Paragraph 2. Upon receiving such supplemental notice, the Parties will thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material, and such Discovery Material will be fully subject to this Stipulation from the date of such supplemental notice forward. The Party or Parties receiving such notice will make reasonable, good-faith efforts to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Discovery Material. In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material prior to its designation as "Confidential" will exercise its best efforts to: (i) ensure the return or destruction of such Discovery Material; (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" when originally produced; (iii) to ensure that such

Discovery Material is not further disclosed except in accordance with the terms of this Stipulation and Order; and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 8 of this Stipulation and Order.

5. Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    A. The Parties and the directors, officers, and employees of the Parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation for use in accordance with this Stipulation;

    B. Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular, and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Stipulation;

    C. Subject to Paragraph 8, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular, and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

D.     Witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for deposition or testimony in this Litigation.

E.     Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

F.     The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom;

G.     Any mediator engaged at the agreement of the Parties in connection with the Litigation, and any paralegals, secretaries, clerical, regular, and temporary employees who are assisting such mediator in connection with the Litigation;

H.     Any insurance business, disclosed pursuant to Fed. R. Civ. P. 26(a)(1), which may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment; and

I.     Any other person only upon: (i) order of the Court entered upon notice to the Parties; or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as **Exhibit A**.

6. Highly Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

A. Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Stipulation;

B. Subject to Paragraph 8, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

C. Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

D. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

E. Any other person only upon: (i) order of the Court entered upon notice to the Parties; or (ii) written stipulation of, or statement on the record

7

by, the Producing Party who provided the Discovery Material being disclosed, and provided that such person signs an undertaking in the form attached as **Exhibit A**.

7. To the extent that testimony is sought concerning Confidential Discovery Material or Highly Confidential Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material or Highly Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation.

8. Notwithstanding Paragraph 5(C) and 6(B) above, Confidential Discovery Material or Highly Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert or consultant: (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any Party or any competitor or potential transaction counterparty of any Party, as far as the expert or consultant can reasonably determine; and (ii) is using the Discovery Material solely in connection with this Litigation; and further provided that such expert or consultant agrees to be bound by the terms of this Stipulation by signing an undertaking in the form attached as **Exhibit A**. Counsel for the Party showing, providing, or disclosing Confidential Discovery Material or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to this

paragraph will be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. Under no circumstances will an expert or consultant who is a competitor or an employee of a competitor of a Party, or who is providing services to any of the foregoing, be provided access to Confidential Discovery Material or Highly Confidential Discovery Material absent further order of the Court or consent of the Producing Party. "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any persons who are actually engaged in any of these activities.

9. Discovery Material will be used solely for purposes of this Litigation and will not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding; provided, however, that the foregoing will not apply to Discovery Material that is or becomes part of the public record.

10. Every person to whom Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, will be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed or used for purposes other than those permitted hereunder. Each such person will maintain the Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-Party will

enclose a copy of this Stipulation and notify the non-Party that the protections of this Stipulation are available to such non-Party.

11. Prior to the filing of any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court (a "Motion") that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential Discovery Material or Highly Confidential Discovery Material (a "Filing Under Seal"), the filing Party will seek an order of court permitting that Material to be filed under seal pursuant to Local Rule LCvR 6.1(c).

12. During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material or Highly Confidential Discovery Material may, after making a good-faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question will be treated as Confidential Discovery Material or Highly Confidential Discovery Material pursuant to this Stipulation.

13. The Parties reserve the right to apply for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Stipulation.

14. Entering into this Stipulation, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Stipulation, will not:

A. Prejudice in any way the rights of any Party to: (i) seek production of documents or information it considers subject to discovery; or (ii) object to the production of documents or information it considers not subject to discovery;

B. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

C. Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material or contains or reflects trade secrets or any other type of confidential information;

D. Prejudice in any way the rights of any Party to: (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material or Highly Confidential Discovery Material; or (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material or Highly Confidential Discovery Material should be subject to the terms of this Stipulation;

E. Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

F. Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

G. Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

H. Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

15. This Stipulation has no effect upon, and will not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein will: (i) prevent a Producing Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by any person of documents, materials, or information designated as Confidential Discovery Material or Highly Confidential Discovery Material obtained lawfully by such person independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

16. If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity is inadvertently produced, such inadvertent production will in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity. Any claim of inadvertent production and treatment of the documents affected by any inadvertent production will be governed by the Order Pursuant to Federal Rule of Evidence 502 applicable to this case.

17. In the event additional Parties join or are joined in this Litigation, they will not have access to Confidential Discovery Material or Highly Confidential

Discovery Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation.

18. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms will be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

19. The provisions of this Stipulation will, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom.

20. In the event that any Confidential Discovery Material or Highly Confidential Discovery Material is used in open court during any court proceeding or filed as a trial exhibit, the material will lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Prior to any court proceeding in which Confidential Discovery Material or Highly Confidential Discovery Material is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

21. Within thirty days after receiving notice of the entry of a final order of the Court on the completion this Litigation, or any other proceeding in which Confidential Discovery Material or Highly Confidential Discovery Material is

13

Case 3:18-cv-00273-RJC-DSC    Document 29    Filed 12/10/18    Page 13 of 18

permitted to be used, including the exhaustion of all possible appeals, all persons having received Confidential Discovery Material or Highly Confidential Discovery Material will either: (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential Discovery Material or Highly Confidential Discovery Material, and certify to that fact in writing to counsel for the Producing Party. However, counsel for the Parties will be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material or Highly Confidential Discovery Material), provided that such counsel, and employees of such counsel, will maintain the confidentiality thereof and will not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material or Highly Confidential Discovery Material) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise will be disposed of in accordance with this paragraph.

22. If any person in possession of Confidential Discovery Material or Highly Confidential Discovery Material (a "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material or Highly Confidential Discovery Material produced or designated

14

Case 3:18-cv-00273-RJC-DSC   Document 29   Filed 12/10/18   Page 14 of 18

as "Confidential" or "Highly Confidential" by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver will give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within three business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least twenty-four hours prior to the deadline for a response to the Demand), identifying the Confidential Discovery Material or Highly Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material or Highly Confidential Discovery Material on the grounds of the existence of this Stipulation. The burden of opposing the enforcement of the Demand will fall on the Producing Party.

23. No Receiver will reveal any Confidential Discovery Material or Highly Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material or Highly Confidential Discovery Material under the terms of this Stipulation. In the event that Confidential Discovery Material or Highly Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation, or that any information comes to the Receiver's attention that may indicate that there was or is likely to be a loss of confidentiality of any Confidential Discovery Material or Highly Confidential Discovery Material, the Receiver responsible for the disclosure or loss of confidentiality will immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name,

address, and employer of each person to whom the disclosure was made. The Receiver responsible for the disclosure or loss of confidentiality will also make reasonable efforts to prevent disclosure of Confidential Discovery Material or Highly Confidential Discovery Material by each unauthorized person who receives the information.

24. The Parties agree that the production of any Discovery Material by any non-Party will be subject to and governed by the terms of this Order.

**SO ORDERED**.

Signed: December 10, 2018

David S. Cayer
United States Magistrate Judge

16

Case 3:18-cv-00273-RJC-DSC    Document 29    Filed 12/10/18    Page 16 of 18

Stipulated to:

| | |
|---|---|
| **SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL, & JERNIGAN, L.L.P.** | **LOCKE LORD L.L.P.** |

/s/ Clifton L. Brinson
Clifton L. Brinson
N.C. State Bar No. 34331
Amelia L. Serrat
N.C. State Bar No. 49508
150 Fayetteville Street, Suite 2300
Raleigh, NC 27601
Ph: (919) 821-1220
Fax: (919) 821-6800
cbrinson@smithlaw.com
aserrat@smithlaw.com

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**

/s/ Keith P. Carroll
Keith P. Carroll (BBO # 666039)
  (Admitted *pro hac vice*)
Mathilda S. McGee-Tubb (BBO # 687434)
  (Admitted *pro hac vice*)
One Financial Center
Boston, MA  02111
(617) 542-6000
KPCarroll@mintz.com
MSMcGee-Tubb@mintz.com

*Attorneys for Plaintiffs*

/s/ Bryan Harrison
John Michael Kearns
N.C. State Bar No. 52933
Bryan Harrison
(Admitted *pro hac vice*)
Terminus 200, Suite 1200
3333 Piedmont Road, N.E.
Atlanta, GA  30305
Ph: (404) 870-4600
Fax: (404) 872-5547
john.kearns@lockelord.com
bryan.harrison@lockelord.com

*Attorneys for Defendant*

This the ____ day of December, 2018.

 

_____
Hon. Robert J. Conrad, Jr.
United State District Court Judge

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| CS TECHNOLOGY, INC. and SITEHANDS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HORIZON RIVER TECHNOLOGIES, LLC, <br><br> Defendant. | Case No. 3:18-cv-00273 |

## AGREEMENT TO BE BOUND BY STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION

I have read the Stipulation and Order for the Production and Exchange of Confidential and Highly Confidential Information (the "Stipulation") in the above-captioned action. I understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the Western District of North Carolina – Charlotte Division for purposes of enforcement of the Stipulation.

I further agree not to disclose or use any Confidential Discovery Material or Highly Confidential Discovery Material (as defined in the Stipulation) for purposes other than those permitted under the Stipulation.

Signature: _____

Name: _____

Affiliation: _____

Date: _____